**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The State of Arizona, et al., ) | No. CV-11-1576-PHX-GMS |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| -and- ) | |
| ) | |
| Monica Kuhlt, a single woman, ) | |
| ) | |
| Plaintiff-Intervenor ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| City of Cottonwood, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Defendants' Motion to Strike the Declaration of Roger E. Millsap (Doc. 36).[1] For the reasons stated below, the motion is denied and Defendants will be granted thirty days to provide evidence rebutting Dr. Millsap's conclusions.

## BACKGROUND

This case involves, among other things, whether a physical fitness test used by the City of Cottonwood, Arizona ("the City") to screen police promotional applicants has a disparate impact on women. The standards for the exam were developed by Fitness

---

[1] For the reasons discussed below, the Court cannot yet rule on the cross-motions for summary judgment.

1   Intervention Technologies ("FIT") after a series of physical tests were performed on law
2   enforcement officers in Arizona. (Doc. 23 ¶ 9). The test was later implemented by the
3   Cottonwood Police Department ("CPD") as a minimal requirement for all officers, though
4   officers were given three years to train up to the standards of the test. (Doc. 25-16, Ex. 10).
5   At around the same time that the test was adopted for all officers, CPD included the test as
6   a requirement for those applying to one of two open sergeant positions. (Doc. 23-1, Ex. C).
7   Plaintiff Monica Kuhlt applied for a promotion to sergeant, received the second highest score
8   on the written and oral exams, but failed the physical fitness exam. (Doc. 23 ¶ 32). She later
9   filed a complaint with the Arizona Civil Rights Division ("CRD"), which eventually led to
10  this litigation.

11  At issue currently is a supplemental declaration by Plaintiffs' expert, Dr. Roger E.
12  Millsap. (Doc. 33-1. Ex. 1). In Dr. Millsap's original expert report, he focused on whether
13  the validation study conducted by FIT demonstrated that the fitness test served a business
14  necessity for promotion to sergeant in the CPC. (Doc. 36-1). He did not address whether the
15  results in the underlying study demonstrated that women passed the test at lower rate then
16  men, though he had stated in his deposition that "[t]here's a huge difference. There's no
17  question of impact. So it wasn't so ambiguous here." (Doc.37-1, Ex. B at 36:7–9). In their
18  Response to Plaintiffs' Motion for Summary Judgment, Defendants stated that the underlying
19  statistics reported in the FIT study are inadmissible hearsay, and that no other evidence
20  adequately supports Plaintiffs' prima facie case that the test has a disparate impact on
21  women. (Doc. 27 at 2–5). In their reply, Plaintiffs included a supplemental declaration by Dr.
22  Millsap, analyzing the pass rates for men and women reported in the FIT study. It found that
23  on each of six of the seven test physical tests that make up the total fitness exam, the
24  probability that the disparities reported were a product of chance was less than two-one-
25  thousandths of a percent. (Doc. 33-1, Ex. 1-A). Defendants have moved to strike Dr.
26  Millsap's declaration because it contains expert opinions that were not properly disclosed and
27  because it contains new evidence that has impermissibly been submitted as part of a reply
28

brief.[2] Defendants have not submitted any evidence rebutting the contention that women pass the FIT test at a rate lower than men. Instead, they argue that the number of people who actually took the test makes up too small a sample from which to conclude that the test has any disparate impact on women.

## DISCUSSION

### 1.     Legal Standard

A party may not use information that it failed to provide as required by Rule 26(a) or (e) unless the failure "was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). In proving that the failure was substantially justified or harmless, "the burden is on the party facing sanctions." *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008). In crafting sanctions under Rule 37(c)(1), the "district courts have wide latitude." *Harris v. United States*, 132 Fed. Appx. 183, 184 (9th Cir. 2005). The factors to consider when determining whether a failure to disclose evidence was substantially justified or harmless are as follows: "1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Russell v. Daiichi-Sankyo, Inc.*, 2012 WL 1085038, at *5 (May 17, 2012) (quoting *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010)).

### 2.     Analysis

Failing to disclose Dr. Millsap's analysis was substantially justified. From the moment that Detective Kuhlt first wrote to then-acting Chief Jody Fanning, Defendants have acknowledged that the fitness standards have a disparate impact on women. Chief Fanning wrote a letter to Detective Kuhlt stating that the FIT study "found that there is a disparate impact on women with these standards." (Doc. 30-3, Ex. P-4). Later, after CRD made a finding on Det. Kuhlt's complaint, the City itself wrote a letter to the CRD stating that "[t]o

---

[2] Defendants' have moved to strike the Declaration of "Rodney E. Millsap." The declaration was in fact made by "Roger E. Millsap." (Doc. 36).

- 3 -

1 be clear, the City does not dispute the fact that the physical fitness standards set forth in
2 General Order 206 have a disparate impact on women." (Doc. 25-19, Ex. 23). Defendants'
3 own expert, in rebutting Dr. Millsap's initial report, appears to concede that the test showed
4 a disparate impact on women, writing that "the results of past validation show the same trend
5 of female inability to perform essential physical functions." (Doc. 33-2, Ex. 1-C at 14). As
6 Defendants note, the purpose of disclosing expert opinions "is to prevent unfair surprise at
7 trial and to permit the opposing party to prepare for the expert's cross-examination." *Stamas*
8 *v. Cty. of Madera*, CV-09-00753 LJO, 2011 WL 826330, at *7 (E.D. Cal. Mar. 3, 2011).
9 Defendants cannot have been surprised by Dr. Millsap's conclusions.

10 It was reasonable for Plaintiffs to take Defendants at their word when they stated, in
11 writing, that "the City does not dispute the fact that the physical fitness standards set forth
12 in General Order 206 have a disparate impact on women." (Doc. 25-19, Ex. 23). Given this
13 perfectly reasonable reliance, it is understandable that Dr. Millsap did not undertake a
14 statistical analysis of a test when the results showed "a huge difference" in pass rates
15 between men and women. (Doc. 37-1, Ex. B at 36:7). Dr. Millsap's statistical confirmation
16 of conclusions that Defendants have previously conceded and now wish to challenge simply
17 does not "prejudice or surprise" Defendants, nor does it suggest that a trial will be disrupted,
18 nor does it show "bad faith or willfulness" on behalf of the Plaintiffs. *Russell*, 2012 WL
19 1085038, at *5. Plaintiffs had apparently been operating under the assumption that when
20 Defendants stated that they did not dispute the issue of disparate impact they had no intention
21 of later contesting the issue. The fact that the assumption was in error is not evidence of bad
22 faith on behalf of the Plaintiffs.

23 Defendants accurately state that they have had no opportunity to rebut Dr. Millsap's
24 conclusions, and the Court must consider "the ability of that party to cure the prejudice"
25 caused by an untimely disclosure. *Russell*, 2012 WL 1085038, at *5. Defendants therefore
26 will be granted thirty days to provide any expert report either rebutting Dr. Millsap's
27 conclusions or otherwise contesting that the FIT study demonstrated that the physical fitness
28 standards had a disparate impact on women who took the test.

**IT IS THEREFORE ORDERED:**

1. Defendants' motion to strike the Declaration of Roger Millsap (Doc. 36) is **denied**.

2. Defendants shall have **(30) thirty days** from the date of this Order to submit any evidence rebutting Dr. Millsap's conclusion or otherwise suggesting that the FIT standards do not have a disparate impact on female test-takers.

DATED this 1st day of June, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge